IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON PRICE,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:11-cv-00377 AWI JLT<br><br>ORDER GRANTING SECOND EXTENSION OF TIME<br><br>(Doc. 18) |

On December 13, 2011, the parties filed a stipulation "that Defendant shall have a first extension of time of 30 days to file his responsive brief." (Doc. 18 at 1). However, the extension sought is the *second* in this matter, because the Court granted a thirty-day extension on June 24, 2011, for Defendant to file his Answer and the Administrative Record. (Doc. 14). The Scheduling Order allows a single thirty-day extension by the stipulation of parties. (Doc. 7 at 4). After this extension has been used, "requests to modify [the Scheduling Order] must be made by written motion and will be granted only for good cause." (*Id.*) Therefore, the Court interprets the parties' stipulation as a motion to modify the scheduling order.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The deadlines are considered "firm, real and are to be taken seriously by parties and their

counsel." *Shore v. Brown*, 74 Fed. R. Serv. 3d (Callaghan) 1260, 2009 U.S. Dist. LEXIS 94828 at *7 (E.D. Cal. Oct. 9, 2009).  According the parties' stipulation, "The extension is needed due to defense counsel's recent illness and absence from the office."  (Doc. 18 at 1).

      Accordingly, good cause appearing, **IT IS HEREBY ORDERED**:

1. The parties' request for an extension of time is **GRANTED**; and
2. Defendant **SHALL** file a responsive brief no later than January 11, 2011.

IT IS SO ORDERED.

Dated:   **December 13, 2011**                              /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE